O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WILLIAM OUIMETTE,

                    Plaintiff,

          v.

COUNTY OF LOS ANGELES and DOES
1–10,

                    Defendants.

Case No. 2:12-cv-6268-ODW(MRWx)

**ORDER DENYING DEFENDANT'S
MOTION TO DISMISS [27] AND
DENYING DEFENDANT'S
MOTIONS TO STRIKE [28]**

## I.   INTRODUCTION

Defendant County of Los Angeles moves to dismiss Plaintiff William Ouimette's First Amended Complaint and to strike portions of Ouimette's Petition for Writ of Alternative Mandate, which is no longer an operative pleading in this action. (ECF Nos. 27, 28.)  For the reasons discussed below, the Court **DENIES** the County's motions.[1]

/ / /

/ / /

---

[1] Having carefully considered the papers filed in support of and in opposition to the County's motions, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L. R. 7-15.

## II.   FACTUAL BACKGROUND

Plaintiff William Ouimette has been a member of the United States Marine Core Reserve Component since 1987.  (FAC ¶ 10.)  In 1998, he began employment with the County of Los Angeles as an Electronic Communications Technician.  (FAC ¶ 11.)  After four years of working for the County, Ouimette was promoted to Digital Systems Technician in 2002.  (FAC ¶ 12.)  Ouimette then took leave for active military service from January 2006 through September 2007.  (FAC ¶ 14.)

Upon his return from service, Ouimette applied for a promotion to Senior Digital Systems Technician.  (FAC ¶ 15.)  To be considered for promotional opportunities, County employees are required to take a civil-service promotional examination, which constitutes the County's process of testing, evaluating, and investigating the fitness and qualifications of applicants.  (FAC ¶ 17.)  The County's Civil Service Rules also require County employers to allow service-member employees returning to County service to take these promotional examinations late if the exam was offered while the employee was on leave.  (FAC ¶ 19.)  Ouimette alleges that despite these rules, the County denied him the promotion because the promotional exam was offered while he was on military leave.  (FAC ¶ 20.)

Ouimette once again departed for military leave on November 2007 and remained on leave until July 2011.  (FAC ¶ 21.)  Four months before returning, Ouimette notified the County of his return and requested reemployment and any promotional examinations he may have missed while absent.  (FAC ¶¶ 21–23.)  When he returned, he applied for two promotional examinations: one for an Information Technology Specialist position, and the other for Telecom Branch Manager.  (FAC ¶ 24.)  Ouimette was again denied the opportunity to take these examinations, which (like the first exam in 2007) were originally offered while he was on active military duty.  (FAC ¶ 25.)

After being denied the opportunity to take these exams, Ouimette filed a grievance with the Department of Labor for proper reinstatement.   (FAC ¶ 26.)

Following the denial of Ouimette's DOL grievance, an unknown Internal Services employee filed a complaint on Ouimette's behalf with the County Equity Oversight panel, and Ouimette made multiple efforts to resolve the dispute by appearing before the Board of Supervisors and meeting with County Counsel and a CEO representative. (FAC ¶ 27–28.) As a result of his efforts, Ouimette was given a promotion to Senior Network Systems Administrator, a position that paid less than and ranked below both of the other positions for which Ouimette had applied. (FAC ¶ 29.)

Ouimette also alleges that he was entitled to various employment benefits during the period from 2006 to 2011 that the County did not provide. (FAC 5–8.) Ouimette specifically contends that while he worked as a Digital Systems Technician from 2002 until 2011, he was represented by Bargaining Unit 411, whose fringe benefits fell under the Coalition of County Unions. (FAC ¶ 35.) Employees represented by Bargaining Unit 411 had access to the Choices Flexible Benefits Plan, a cafeteria benefits plan providing employees and their eligible dependents access to certain medical benefits. (FAC ¶ 36.) According to Ouimette, Choices beneficiaries have 90 days from the first day of active duty to make certain changes to their benefits, one change being a waiver of medical insurance coverage service-member beneficiaries typically opt for when they will be covered under military medical insurance. (FAC ¶ 38.)

Ouimette alleges that when he went on active military duty in 2006, the County's Internal Services Department incorrectly informed him that he was only entitled to benefits for the first 30 days of active duty, and had he been properly informed of his benefits he would have waived medical coverage. (FAC ¶¶ 39, 41.) Such a waiver could have resulted to Ouimette in a $244 cash stipend per month in lieu of the benefit contribution deduction from his salary. (FAC ¶ 41.)

In addition to his cafeteria benefits, Ouimette contends he was denied vacation and holiday accrual and pension contributions to which he was entitled under the fringe-benefits Memorandum of Understanding with SEIU Local 721. (FAC 7–8.)

1   As a result of these allegations, Ouimette filed a *pro se* Petition for Writ of
2   Alternative Mandate in this Court on July 20, 2012.  (ECF No. 1.)  Following the
3   Court's dismissal of his Petition, Ouimette retained an attorney and filed a First
4   Amended Complaint ("FAC") on October 12, 2012.  (ECF No. 26.)  The FAC alleges
5   two claims: (1) Discrimination under the Uniformed Services Employment and
6   Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301–4335; and
7   (2) Discrimination under California's Military and Veterans Code sections 394 and
8   395.  The County now moves to dismiss Ouimette's first claim and simultaneously
9   moves to strike various portions of Ouimette's Petition for Writ of Alternative
10  Mandate.

## III.   LEGAL STANDARD

12  Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal
13  theory" or "the absence of sufficient facts alleged under a cognizable legal theory."
14  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint
15  need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short
16  and plain statement—to survive a motion to dismiss for failure to state a claim under
17  Rule 12(b)(6).  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed. R. Civ. P.
18  8(a)(2).  For a complaint to sufficiently state a claim, its "[f]actual allegations must be
19  enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v.*
20  *Twombly*, 550 U.S. 544, 555 (2007).  While specific facts are not necessary so long as
21  the complaint gives the defendant fair notice of the claim and the grounds upon which
22  the claim rests, a complaint must nevertheless "contain sufficient factual matter,
23  accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v.*
24  *Iqbal*, 556 U.S. 662, 678 (2009).

25  *Iqbal*'s plausibility standard "asks for more than a sheer possibility that a
26  defendant has acted unlawfully," but does not go so far as to impose a "probability
27  requirement."  *Id.*  Rule 8 demands more than a complaint that is merely consistent
28  with a defendant's liability—labels and conclusions, or formulaic recitals of the

elements of a cause of action do not suffice.  *Id.*  Instead, the complaint must allege sufficient underlying facts to provide fair notice and enable the defendant to defend itself effectively.  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 566 U.S. at 679.

When considering a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]."  *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be blindly accepted as true by the court.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts" supporting plaintiff's claim for relief.  *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

The Court considers the County of Los Angeles's motion to dismiss and motion to strike in turn.

### A.   Motion to Dismiss

The County of Los Angeles only moves to dismiss Ouimette's first claim for "Discrimination under 38 U.S.C. § 4301 et seq."  Despite styling his claim as one for discrimination, though, Ouimette cites 38 U.S.C. §§ 4311, 4312, and 4316(b)(1) in the

body the claim—only one of which (§ 4311) is a claim for discrimination.  Further, the parties rely on §§ 4311, 4312, and 4313 in their papers.  Given the parties' failure to distinguish between these claims in their pleadings and papers, the Court finds that clarity demands a brief overview of USERRA's discrimination and reemployment provisions contained in §§ 4311, 4312, and 4313.[2]  The Court will then address the specific arguments raised in the County's motion to dismiss.

       1.    *USERRA Overview*

The Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301–4335, is designed to, among other things, encourage noncareer service in the uniformed services by "prohibit[ing] discrimination against persons because of their service in the uniformed services."  *Id.* § 4301(a).  Ouimette contends the County of Los Angeles violated USERRA §§ 4311 and 4312 when it re-hired him following his military service but failed to promote him commensurate with the experience and qualifications he would have held had he remained with the County during his periods of service.  He further avers that the County discriminated against him in violation of § 4311 by denying him certain employment benefits.

As applicable here, USERRA's anti-discrimination provision provides that a uniformed service member[3] "shall not be denied initial employment, reemployment, retention in employment, promotion, or any other benefit of employment on the basis of" that member's service.  38 U.S.C. § 4311(a).  An employer will be held liable for discriminatory denial of employment, reemployment, promotion, or denial of benefits to a service-member employee in violation of § 4311(a) where that service-member

---

[2] Because the parties do not address § 4316 in their papers, the Court will refrain from discussion on that section at this juncture.

[3] "The term 'uniformed services' means the Armed Forces, the Army National Guard and the Air National Guard when engaged in active duty for training, inactive duty training, or full-time National Guard duty, the commissioned corps of the Public Health Service, and any other category of persons designated by the President in time of war or national emergency."  38 U.S.C. § 4303(16).

employee's service was "a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such" service.  § 4311(c)(1); *see also Townsend v. Univ. of Alaska*, 543 F.3d 478 (9th Cir. 2008).

In addition to its anti-discrimination protections, USERRA creates an entitlement to prompt reemployment upon return from military service.  Section 4312 provides that "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services is entitled to the reemployment rights and benefits" of USERRA, subject to certain notice provisions not contested here.  Under § 4312, the employer must promptly reemploy a person returning from a period of service, where "'[p]rompt employment' means as soon as practicable under the circumstances of the case." *Rogers v. City of San Antonio*, 392 F.3d 758, 762 (5th Cir. 2004) (citing § 4312(f)(4)).

Where, as here, the service member's service period extends past 90 days, the service member shall be promptly reemployed "in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, or a position of like seniority, status and pay, the duties of which the person is qualified to perform." § 4313(a)(2)(A).  Under this provision, a returning service member "does not step back on the seniority escalator at the point he stepped off.  He steps back on at the precise point he would have occupied had he kept his position continuously during" his service. *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275, 284–85 (1946).  This so-called "escalator position" is reflected in § 4313, which "requires that the service member be reemployed in the escalator job position comparable to the position he would have held had he remained continuously in his civilian employment." *Rogers*, 392 F.3d at 763 (citing 38 U.S.C. § 4313); *see also* 20 C.F.R. § 1002.191 (the escalator position is the job position the employee "would have attained with reasonable certainty if not for the absence due to uniformed service" and

is based on the principal "that, if not for the period of uniformed service, the employee could have been promoted (or, alternatively, demoted, transferred, or laid off) due to intervening events").   The proper escalator reemployment position "includes the seniority, status, and rate of pay that an employee would ordinarily have attained in that position given his or her job history, including prospects for future earnings and advancement," had the service-member employee continued to work during the military leave.  20 C.F.R. § 1002.193(a).  If the service member fails to qualify for either the escalator position or a comparable position in spite of the employer's reasonable efforts by the employer to qualify the employee for such positions, then the employee is entitled to reemployment in the position most nearly approximating the escalator position.  38 U.S.C. § 4313(a)(2)(A)–(B).

Finally, it is worth briefly noting the distinctions between a § 4311 discrimination claim and a § 4312 reemployment claim.  Most critically, § 4312's reemployment provisions serve "only to guarantee service persons' reemployment without question as to the employer's intent."  *Jordan v. Air Prods. & Chems., Inc.*, 225 F. Supp. 2d 1206, 1208 (C.D. Cal. 2002).  Section 4312, therefore, "places service people and employers on notice that, upon returning from service, veterans are entitled to their previous positions of employment"; following reemployment under § 4312, the service person is then protected by § 4311's antidiscrimination provisions.  *Jordan v. Air Prods. & Chems., Inc.*, 225 F. Supp. 2d 1206, 1208 (C.D. Cal. 2002).  Accordingly, "[a]n employee proceeding under § 4311 has the burden of proving that the employer discriminated against him or her based on a status or activity protected by USERRA.  Section 4312 imposes no such burden."  *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 303 (4th Cir. 2006) (citations omitted) (citing 20 C.F.R. §§ 1002.22, 1002.33).

Against this statutory background, the Court proceeds to consider the County's individual arguments in support of its motion to dismiss.

/ / /

8

2. *Military service as a motivating factor in Ouimette's denial of benefits*

The County contends first that Ouimette has insufficiently alleged that the County's denial of Ouimette's benefits was motivated by his military service. According to the County, Ouimette has made only the conclusory allegation that "Plaintiff's protected status as a USMC Reservist was a substantial motivating factor in Defendant's denial of Plaintiff's employment benefits without good cause, including promotional opportunities, holiday and vacation time accrual, cafeteria benefits, and pension contributions." (FAC ¶ 60.)

The County's position demands too much of Ouimette at the pleading stage. To be considered a motivating factor, a service member's military status need only be one of many factors the employer considers in reaching an employment decision. *See Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1191–92 (2011). Evidence of discriminatory motivation "may be reasonably inferred from a variety of factors, including proximity in time between the employee's military activity and the adverse employment action." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 900 (9th Cir. 2002). Moreover, to survive a motion to dismiss, Ouimette is tasked only with alleging a claim plausible enough for the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ouimette has alleged that he was denied accrual of vacation and holiday time, pension contributions, and cafeteria benefits while he was on active military duty. (FAC ¶¶ 39, 41, 46, 49, 50, 53–55, 57.) He further alleges that he was denied proper reinstatement and promotional opportunities upon his return to work because he was denied the opportunity to sit for promotional examinations that were offered while he was on active military duty. (FAC ¶¶ 20, 25.) Each of these alleged denials of benefits occurred either during Ouimette's deployment or immediately upon his return. Given the close proximity in time between Ouimette's military service and the County's alleged adverse employment actions, the Court may reasonably infer that Ouimette's military deployment was a motivating factor in the County's decision to

1   deprive Ouimette of certain employment benefits.  The Court therefore **DENIES** the

2   County's motion insofar as it contends that Ouimette failed to allege that his military

3   service was a motivating factor in his benefit denials.

4       *3.    Materiality of denied cafeteria benefits*

5       The County argues next that Ouimette's claim for denial of cafeteria benefits

6   must fail because Ouimette "has not, and cannot show, that a $244 cash stipend under

7   the 'denial of cafeteria benefits' is materially adverse to [his] employment."  (Mot. 7.)

8   It appears that the County misunderstood Ouimette's allegation regarding his cafeteria

9   benefits.  While not exactly a model of clarity on this point, Ouimette's FAC alleges

10  that had he been properly informed about his benefits, "he would have waived medical

11  coverage because he was covered under military medical insurance while on active

12  military duty," which "would have resulted in a $244.00 cash stipend in lieu of the

13  benefit contribution deduction from his salary *each month* while he was on active

14  duty."  (FAC ¶ 46 (emphasis added).)  He also alleges that he took military leave from

15  January 9, 2006, through September 30, 2007 (approximately 20 months) and then

16  again from November 22, 2007, until July 1, 2011 (approximately 43 months).  (FAC

17  ¶ 14.)  Ouimette therefore does not seek a single payment of $244, but rather $244 for

18  each of the nearly 63 months he was on leave.  This amounts to more than $15,000—a

19  figure the Court considers neither "trivial" nor "a minor annoyance."  (Mot. 7.)  The

20  County's motion is therefore **DENIED** on this point.

21      *4.    Ouimette's elevator-position qualifications*

22      The County further contends that Ouimette's first claim must be denied insofar

23  as it relies on the failure-to-promote theory because Ouimette failed to allege that he

24  was qualified for the promotional opportunities he claims he was denied.  But the

25  County fails to cite any controlling precedent supporting its position that Ouimette is

26  tasked with pleading his qualifications in order to survive a motion to dismiss, and

27  both cases the County cites—*Williams v. Dep't of the Navy*, 94 M.S.P.R. 206 (2003),

28  / / /

1   and *Little v. Pa. R. Co.*, 95 F. Supp. 631 (D.C. Md. 1951)—concern matters of proof,

2   not pleading.

3   　　　　More importantly, 38 U.S.C. § 4311(c)(1) provides that an aggrieved employee

4   has an actionable claim where his employer takes adverse employment action

5   motivated by the employee's military service, "*unless* the employer can prove that the

6   action would have been taken in the absence of such" service.  § 4311(c)(1) (emphasis

7   added).  This statutory provision suggests that the County, as the employer, bears the

8   burden to establish that Ouimette would not have been promoted regardless of his

9   military service because he lacked the requisite qualifications.   And while

10  § 4313(a)(2)(A) provides that a service member must be promptly reemployed in the

11  escalator position "the duties of which the person is *qualified to perform*," § 4313(a) is

12  a mandatory provision: "a person entitled to reemployment under section 4312 . . .

13  *shall* be promptly reemployed in a position" described in subsections (1) through (4)

14  (emphasis added).   This—combined with the Court's duty to broadly construe

15  USERRA in favor of its military beneficiaries in light of USERRA's purpose to

16  protect service members' rights, *Francis*, 452 F.3d at 303—similarly suggests that an

17  employee's qualifications for the proper escalator position are more appropriately

18  viewed as a rebuttable presumption the employer is tasked with rebutting, not an

19  element the employee is required to plead.   Accordingly, the Court rejects the

20  County's insistence that Ouimette bore the burden under § 4311 or § 4313 of alleging

21  his qualifications at the pleading stage.

22  　　　　5.   *Ouimette's reemployment and promotion*

23  　　　　To the extent Ouimette's first claim relies on his §§ 4312 and 4313

24  reemployment rights, the County asserts that it did not violate USERRA because it

25  reemployed and then promoted Ouimette.  Ouimette responds that while he was

26  eventually "promoted" retroactively to Senior Network Systems Administrator, it is

27  reasonably certain that, had he continued working instead of taking leave, he would

28  have accrued enough seniority and experience to attain the promotional opportunities

1  he was denied.  (Opp'n 8.)   In addition, Ouimette contends the Senior Network
2  Systems Administrator position "is ranked below both of the other positions for which
3  Plaintiff applied, and yields a much lower salary."  (FAC ¶ 29.)

4      Ouimette's reemployment allegations easily suffice to survive a motion to
5  dismiss.  Ouimette is correct that while the County did rehire Ouimette, the County
6  does not comply with USERRA simply by reemploying Ouimette to any position;
7  instead, Ouimette was entitled to reemployment at his escalator position.  And while
8  the County eventually promoted him to Senior Network Systems Administrator,
9  Ouimette contends this position is lower in rank and pay than his previous position.
10  Taken as true, these allegations state a plausible claim that Ouimette's reemployment
11  position after the promotion did not properly take into account the "seniority, status,
12  and rate of pay" he would ordinarily have attained had he worked during his period of
13  leave.  20 C.F.R. § 1002.193(a).

14      *6.*    *Ouimette's military service is exempt from the 5-year limitation*

15      Next, the County contends that Ouimette is not entitled to reemployment rights
16  because his cumulative absence exceeded 5 years.   (Mot. 9 (citing 38 U.S.C.
17  § 4312(a)(1)–(3)).)   But while the County correctly characterizes the general rule
18  under § 4312(a)(2) that employees who take leave for military service in excess of 5
19  years are not entitled to reemployment benefits under USERRA, the County
20  conveniently ignores the exceptions to that rule set forth under 38 U.S.C. § 4312(c).

21      Ouimette specifically invokes § 4312(c)(4)(A) and (B), which exempt from the
22  5-year maximum (A) military service to complete training requirements necessary for
23  professional development and (B) military service ordered as a result of a war or
24  national emergency declared by the President or Congress.  Ouimette contends he was
25  ordered to military service in 2007 "in support of the national emergency declared
26  under Presidential Proclamation Proclamation 7463 of 14 September 2001 and as
27  prescribed in Executive Order 13223."  (Opp'n 9.)  The County did not oppose this
28  assertion.  The Court therefore **DENIES** the County's motion insofar is the County

1   contends Ouimette's service in excess of 5 years exempts him from USERRA's
2   provisions.

3          7.    *Denial of benefits by Ouimette's "union"*

4         Finally, the County argues that Ouimette cannot sue the County for violating
5   USERRA based on its alleged denial of benefits because those benefits were offered
6   by his unions (Bargaining Unit 411 and SEIU Local 721), not the County.
7   Specifically, the County maintains that the benefits Ouimette claims the County
8   denied him "are not benefits offered or denied by the County, thus the County cannot
9   be held liable for these benefits.  Rather, these benefits arise from Plaintiff paying
10  Union dues to his Unions as separate legal entities in exchange for Plaintiff obtaining
11  medical, pension and Deferred Compensation through his Union."   (Mot. 10.)
12  Ouimette responds that while his collective bargaining units may be separate legal
13  entities from the County of Los Angeles, the employment benefits the entities provide
14  Ouimette "are solely and inextricably based on his employment with" the County, as
15  the County "agreed during contract negotiations with union representatives that
16  Plaintiff and its other employees would receive these benefits of employment."
17  (Opp'n 9.)

18        But the extent of the briefing on this issued ends there.  Neither party has cited
19  any legal authority whatsoever in support of either proposition.  As a result, they
20  essentially argue a point of fact without any legal support.  Therefore, in light of the
21  County's anemic development of its argument on this point, the Court **DENIES** the
22  County's motion to the extent it contends it cannot be held liable for its alleged denial
23  of Ouimette's benefits.

24        The Court therefore rejects all of the County's arguments advanced in support
25  of its motion to dismiss.  Accordingly, the County's motion is **DENIED** in its entirety.
26  / / /
27  / / /
28  / / /

**B.      Motion to Strike**

The County of Los Angeles has also moved to strike portions of Ouimette's pleadings.  But while the docket text calls this motion (ECF No. 28) a "NOTICE OF MOTION AND MOTION to Strike First Amended Complaint" set for hearing on December 17, 2012, the actual motion the County filed is a carbon copy of its August 13 motion to strike Ouimette's original Petition for Writ of Alternative Mandate (ECF No. 10).  And while this Court did receive a courtesy copy of what the County apparently *intended* to e-file, the County's courtesy copy is not a properly filed motion and failed to give Ouimette proper notice of what he was supposed to oppose (a point well reflected in Ouimette's opposition to the County's redundant motion: "Plaintiff cannot articulately oppose this motion because it is moot, unintelligible and irrelevant, given that there is no such operative pleading before this Court, having been replaced by Plaintiff's First Amended Complaint . . .  filed on October 12, 2012."  (Opp'n 1.))  Because the County's motion therefore moves to strike portions of an inoperative pleading, the County's motion to strike is **DENIED AS MOOT**.

### V.      CONCLUSION

For the reasons discussed above, the Court **DENIES** both the County's motion to dismiss (ECF No. 27) and motion to strike (ECF No. 28).


**IT IS SO ORDERED.**

December 12, 2012

_____
     **OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**