O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM OUIMETTE,<br><br>               Plaintiff,<br>     v.<br>COUNTY OF LOS ANGELES, AND UNNAMED DEFENDANTS 1-10,,<br><br>               Defendants. | Case No. 2:12-cv-6268-ODW (MRWx)<br><br>**AMENDED ORDER TO CONTINUE TRIAL AND RELATED DATES [44]** |

On August 30, 2013, Defendant County of Los Angeles filed an Ex Parte Application with this Court to continue Trial and the related deadlines for 90 days. The request for a continuance was based on an unexpected medical emergency of the associate solely assigned to motion preparation in this case that placed her off work completely. (Ex Parte Appl. at 2.) Because of the nature of the emergency, the Partner on this case, Christy O'Donnell, is unable to contact the associate for information. (*Id*. at 2–3.) O'Donnell requested a continuance in order to have sufficient time to take over preparation of the motion for summary judgment and other motions relating to discovery. (*Id.* at 2.) Plaintiff opposes this continuance. (ECF No. 48.)

Courts are extremely reluctant to grant ex parte applications in civil actions. Both the Federal Rules of Civil Procedure and the Local Rules contemplate that a

regularly noticed motion is most likely to produce a just result. This Court's Scheduling Order further provides that "Ex Parte practice is discouraged." (ECF No. 36.) Thus, ex parte motions should be the exception and not the rule. Indeed, this is why ex parte orders are proper only in limited situations, such as administrative matters, scheduling matters, and emergencies in which the delay caused by a properly noticed motion may itself defeat the motion.

Few rules govern the procedure for the Court's disposition of ex parte matters. The Court handles ex parte matters differently depending on the circumstances involved. Where the matter is routine—such as requests for extensions of time—the application will be acted on promptly by the Court, even if opposed.

The Court is sensitive to the potential for unfairness inherent in ex parte motions. Although the opposing party is usually permitted an opportunity to file opposing papers, this does not prevent ex parte motions from being inherently imbalanced. *Mission Power Eng'g Co. v. Cont'l Cas. Co.,* 883 F. Supp. 488, 490 (C.D. Cal. 1995). But "anything that tends to give unfair advantage to one side may, however, cause the court to compensate by giving the benefit of the doubt to the other side." *Id.* at 491.

It is clear from Plaintiff's vehement opposition that Plaintiff takes issue with myriad contentions in Defendant's motion. (ECF No. 48.) Most contentious are Defendant's requests to extend the discovery deadline and for a colossal 90 day continuance. (Opp'n 5–6.) The Court carefully scrutinizes ex parte motions, and determined that these requests were manifestly unreasonable well before Plaintiff's opposition was received.

The August 15, 2013 discovery cut-off has long passed, and the Court will not reopen the discovery period. As Plaintiff points out, this case was filed over a year ago. Defendant has had ample opportunity to collect the evidence it needs. Further, the cut-off passed well before the junior associate's illness, which is the singular reason for this short continuance.

Similarly, the 90-day continuance requested was flagrantly unreasonable. The precise reason for the 30-day continuance given here is the associate's medical emergency. The Court will permit a short continuance because the medical emergency is such that associate can neither give Ms. O'Donnell a report on the status of the case, nor transition her work to another attorney. (Ex Parte Appl. at 1–2.) But the Court will not permit a 90-day continuance solely for Ms. O'Donnell to familiarize herself with the motion work prepared by the associate and draft her Motion for Summary Judgment.

Thus, the existing case schedule is modified as follows:

1. The Trial Date, presently set for December 3, 2013, is continued to January 14, 2014 at 9:00 am;
2. The Last Date to file Final Trial Exhibit Stipulation presently set for November 27, 2013, is continued to January 9, 2014;
3. The Hearing Date on Motions in Limine, presently set for November 5, 2013, is continued to January 6, 2014 at 2:30 pm;
4. The Final Pretrial Conference Date, presently set for November 12, 2013 is continued to December 16, 2013 at 2:30 pm ;
5. The Last Date to File all Motions in Limine, Proposed Voir Dire Questions, and Statement of the Case, presently set for November 12, 2013, is continued to December 16, 2013;
6. The Last Date to Lodge Pre-Trial Conference Order and Pre-Trial Exhibit Stipulation, File Contentions of fact and law, exhibit and witness lists, status report regarding settlement, agreed upon jury instructions and verdict forms, joint statement regarding disputed instructions and verdicts, presently set for November 4, 2013 is continued to December 9, 2013; and
7. The Last Day to Hear Motions currently set for October 7, 2013, is continued to November 18, 2013.

**All other dates in this matter remain unchanged**. Plaintiff's request for attorneys' fees and costs is **DENIED**.

**IT IS SO ORDERED.**

September 17, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**